UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO._____

TYLER B. GOODWIN, )
    Plaintiff, )
)
)
)
V. )
)
)
KIMBERLY JONES; )
STACEY DAMON; )
REBECCA LANOUE; )
JOHN PATTERSON; )
JESSICA ELUMBA; )
PLYMOUTH DISTRICT )
 ATTOERNRY'S OFFICE; )
MARSHFIELD POLICE )
 DEPARTMENT, )
    Defendants. )
)

CIVIL RIGHTS COMPLAINT

I.                      INTRODUCTION

1.    This civil rights complaint brought by Tyler B. Goodwin seeks relief from wrongs committed by the named defendants and their agents. Plaintiff asserts claims that his Fourteenth Amendment rights have been violated. Plaintiff also asserts claims that his rights under both federal and state laws and his right to due process were violated and will be proven in the litigation of this civil action.

II.                        JURISDICTION

2.      jurisdiction is conferred upon this Court pursuant to 42 U.S.C. §§ 1983 and 1985. This Court retains jurisdiction under states civil rights statute M.G.L. c. 12, § 11I or its federal equivalent, further this Court has jurisdiction under federal criminal statutes 18 U.S.C. §§ 241 and 242.

III.                      PARTIES

3.      Tyler B. Goodwin, a state inmate incarcerated at Massachusetts Correctional Institution, Concord, 965 Elm Street, Concord, MA 01742, at all times mentioned herein this civil rights complaint is a person found not guilty on the charge of Rape by a jury of his peers in the County of Plymouth in the state of Massachusetts. It is asserted that each of the named defendants violated his rights during the arrest and litigation of the Plaintiff's criminal case.

4.      Defendant Kimberly Jones, whose place of business is 1639 Ocean Street, Marshfield, MA 02050, at all times mentioned herein this civil rights complaint was the lead detective and investigator during the prosecution of the Plaintiff and violated his Fourteenth Amendment rights to due process by knowingly ignoring evidence.

5.      Defendant Stacey Damon, whose place of business is currently unknown, at all times mentioned herein this civil rights complaint is responsible for making false claims and statements about the Plaintiff, and thereby violating his rights.

6. Defendant Rebecca Lanoue, whose place of business is currently unknown, at all times mentioned herein this civil rights complaint is responsible for making false claims and statements about the Plaintiff, and thereby violating his rights.

7. Defendant John Patterson, whose place of business is currently unknown, at all times mentioned herein this civil action is responsible for making false statements about the Plaintiff and slandering his name, and thereby violating his rights.

8. Defendant Jessica Elumba, whose place of business is Office of the District Attorney, 32 Belmont Street, Brockton, MA 02303, at all times mentioned herein this civil rights complaint was the Assistant District Attorney who prosecuted the criminal case against the Plaintiff, and in doing so violated his Fourteenth Amendment rights to due process by knowing ignoring evidence.

9. Defendant Plymouth County District Attorney's Office, whose place of business is Office of the District Attorney, 32 Belmont Street, Brockton, MA 02303, at all times mentioned herein this civil rights complaint was the prosecuting office responsible for the indictments and prosecution of the Plaintiff in criminal matters is said county, and it will be proven during the litigation of this law suit that the office

(agency) is accountable for the unlawful conduct as asserted within this civil action.

10. Defendant Marshfield Police Department, whose place of business is 1639 Ocean Street, Marshfield, MA 02050, at all times mentioned herein this civil rights complaint is the law enforcement agency directly responsible for the charges against the Plaintiff, and it will be clearly proven during the litigation of this action that said agency and its subordinates violated the Plaintiff's Fourteenth Amendment rights.

11. Each Defendant is being sued in their official and personal capacities, and the Plaintiff reserves the right to amend this civil rights complaint as names and claims become revealed during the litigation of this action.

IV.     STATEMENT OF RELAVANT FACTS

12. Defendant Kimberly Jones failed to investigate DNA evidence during the course of the pre-trial stage of prosecution of the Plaintiff. After learning that the DNA evidence did not match that of the Plaintiff Defendant Detective Jones failed to further investigate the DNA in order to determine to whom the DNA belonged. This clearly violates the Plaintiff's Fourteenth Amendment rights to due process.

13. The Plymouth County District Attorney's Office and Assistant District Attorney Jessica Elumba violated the

Plaintiff's Fourteenth Amendment right to due process by i) not investigating the DNA evidence when it was learned that such evidence did not belong to the Plaintiff, and ii) instead continued to prosecute the Plaintiff.

14. Stacey Damon claimed the Plaintiff had sexually assaulted her, to which DNA evidence proved otherwise. Such claims by Ms. Damon harmed the Plaintiff's reputation in the community and work environment, and lead to Plaintiff's false arrest and prosecution on criminal charges.

15. Rebecca Lanoue made a false statement as to having been sexually assaulted by the Plaintiff, only to later recant that statement and to later state she did not believe she had been assaulted. Such claims by Ms. Lanoue of assault harmed the Plaintiff's reputation in the community and work environment.

16. John Patterson made a false statement to both Rebecca Lanoue and Stacey Damon that the Plaintiff was HIV positive.

17. Marshfield Police Department Officers failed to properly investigate claims made about the Plaintiff and the evidence in the case against the Plaintiff.

V.                REQUEST FOR RELIEF

18. Wherefore, the Plaintiff respectfully requests the Court grant the following relief:

   A. Award the Plaintiff monetary damages jointly and severally against the Defendants in the amount of ten million dollars.

B.  Issue an order to the Defendants and their agents to refrain from any form of retaliation as a result of the filing of this law suit, and in the event of any form of retaliation to impose sanctions in the amount of three hundred thousand dollars.

C.  Grant any other such relief this Court deems just and appropriate in favor of the Plaintiff and adverse towards each of the Defendants.

Respectfully Submitted:

Dated: Febuary 5, 2016

*Tyler Goodwin*
Tyler B. Goodwin, pro se
W-105754
MCI-Concord
P.O. Box 9106
Concord, MA 01742