UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYLER B. GOODWIN,<br>  Plaintiff,<br><br>  v.<br><br>KIMBERLY JONES, et al.,<br>  Defendants. | )<br>)<br>)<br>)  C.A. No. 16-10305-GAO<br>)<br>)<br>) |

PROCEDURAL ORDER

  On <u>February 16, 2016</u>, plaintiff filed this civil action along with a motion for leave to proceed <u>in forma pauperis</u>. However, plaintiff failed to provide a certified prison account statement. Where, as here, the plaintiff is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[1]

  Accordingly, plaintiff's motion for leave to proceed without prepayment of the filing fee is hereby DENIED without prejudice. If plaintiff elects to proceed with this action, within 21 days of the date of this Procedural Order, he either must (1) pay the $400.00 filing and administrative fees[2]; or (2) file a renewed motion for leave to proceed <u>in forma pauperis</u> accompanied by his certified prison account statement. Failure of plaintiff to comply with this directive may result in a dismissal of this action without prejudice.

  The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

  The Clerk shall also send a copy of this Procedural Order to the Treasurer's Office at the prison facility in which plaintiff is incarcerated, in order to facilitate any request by the plaintiff for his certified prison account statement. The Court requests that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding the date the complaint was filed, as well as the average monthly balance for that same period.

  SO ORDERED.

 <u>March 16, 2016</u>         <u>/s/ George A. O'Toole, Jr.</u>
DATE            UNITED STATES DISTRICT JUDGE

---

  [1]Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of <u>in forma pauperis</u> status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full. <u>See</u> 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, <u>see</u> 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, <u>see</u> <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

  [2]The $50.00 administrative fee became effective May 1, 2013; it does not apply to persons proceeding <u>in forma pauperis</u>. <u>See</u> Judicial Conference Fee Schedule.