UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TYLER B. GOODWIN,
                Plaintiff,

    v.                                      CIVIL ACTION NO.  16-10305-GAO

KIMBERLY JONES, ET AL.,
                Defendants.


MEMORANDUM AND ORDER

O'TOOLE, U.S.D.J.

On February 16, 2016, plaintiff Tyler B. Goodwin ("Goodwin") filed the instant action

alleging that false statements were made by victims and witnesses in connection with his

criminal prosecution and that the Assistant District Attorney continued to prosecute him despite

discovering that the DNA evidence did not belong to him.

On June 27, 2016, this Court issued a Memorandum and Order (Docket No. 10) directing

Goodwin to demonstrate good cause in writing by August 8, 2016, why this action should not be

dismissed for the reasons stated therein.[1]  This Court also indicated that in the event Goodwin's

federal claims were dismissed, it would decline to exercise supplemental jurisdiction over his

state-law claims.

---

[1]These legal impediments included that: (1) absolute prosecutorial immunity barred
Goodwin's claims against the prosecutor; (2) Goodwin failed to state cognizable civil rights
claims based on the alleged failure of police officers to conduct an adequate investigation; (3)
Goodwin failed to state cognizable civil rights claims against the Marshfield Police Department
because it is not a suable entity; (4) Goodwin's claims against the Plymouth District Attorney's
Office were not cognizable based on a theory of *respondeat superior*; (5) Goodwin failed to state
cognizable claims pursuant to 42 U.S.C. § 1985 because the Complaint lacked factual allegations
supporting a conspiracy between two or more persons and it lacked any factual allegations
suggesting the requisite class-based animus to deprive equal protection of the laws; (6)
Goodwin's claims under federal criminal statutes were not cognizable because these statutes did
not create a private right of action; (7) Goodwin failed to state cognizable claims under the
Massachusetts Civil Rights Act because the Complaint failed to allege facts or circumstances
plausibly suggesting that threats, intimidation, or coercion existed in connection with the alleged
wrongdoings by any of the defendants; and (8) Goodwin failed to state cognizable civil rights
claims against private citizens (the purported victim and a witness) who were not state actors.

To date, Goodwin has failed to file an response to the Memorandum and Order, and the time period for doing so has expired.

Accordingly, for the failure of Goodwin to comply with the directives contained in the Memorandum and Order, and for the substantive reasons set forth therein, it is hereby Ordered that this action is <u>DISMISSED</u> in its entirety.[2]

SO ORDERED.

<u>/s/ George A. O'Toole, Jr.</u>
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED: November 10, 2016

---

[2]For purposes of the three-strike rule of 28 U.S.C. § 1915(g), this Court deems this dismissal to be one on the merits and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).